UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER DUNN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 1:12-cv-09378-CM |
| ALLIED INTERSTATE, LLC f/k/a ALLIED INTERSTATE, INC., | ) COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendants. | ) (Unlawful Debt Collection Practices) |

CHRISTOPHER DUNN, ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE, LLC f/k/a ALLIED INTERSTATE, INC. ("Defendant"):

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.  Defendant conducts business and maintains its headquarters in the State of New York, and as such, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

5. Plaintiff is a natural person residing in Angier, North Carolina.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 335 Madison Ave, 27th Floor, New York, New York 10017.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant contacted Plaintiff in its attempts to collect an alleged consumer debt.

11. Upon information and belief, the alleged debt at issue arose out of transactions which were allegedly for personal, family, or household purposes.

12. Beginning in or about December 2011 and continuing through January 2012, Defendant placed repeated harassing telephone calls to Plaintiff's work telephone in its attempts to collect the subject debt.

13. Defendant's harassing collection calls originated from numbers including, but not limited to 800-935-5152.

14. Defendant called Plaintiff, on average, more than twice a day in its attempts to collect the alleged debt.

15. Plaintiff often picked up the telephone when Defendant called, only to have

Defendant's collector hang up the telephone and immediately call him back.

16.  Plaintiff advised Defendant that he could not receive calls at work. However, Defendant continued to call Plaintiff at his place of employment.

17.  During many of its conversations with Plaintiff, Defendant's collector would fail to provide his or her name, provide information about the origin of the debt, or state the amount of the debt that they were seeking to collect.

18.  Defendant also failed to send anything to Plaintiff in writing setting forth his rights pursuant to the FDCPA to dispute the alleged debt and/or seek verification of the debt.

19.  Defendant took the actions described herein with the intent to harass, confuse, deceive and coerce payment from Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED § 1692c(a)(3) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

20.  Section 1692c(a)(3) of the FDCPA states that a debt collector may not communicate with a consumer in connection with the collection of a debt at the consumer's place of employment if the debt collector knows or has reason to know that such communication is prohibited.

21.  Defendant violated δ 1692c(a)(3) of the FDCPA when it called Plaintiff at work on various occasions, when it knew that communications with Plaintiff while he was at work were prohibited by Plaintiff's employer.

**COUNT II**
**DEFENDANT VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

22. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

23. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it hung up the phone on Plaintiff and immediately called him back, and when it engaged in other harassing or abusive conduct.

**COUNT III**
**DEFENDANT VIOLATED § 1692d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

24. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

25. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

**COUNT IV**
**DEFENDANT VIOLATED § 1692e OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

26. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

27. Defendant violated § 1692e of the FDCPA when its collectors failed to identify themselves when calling and talking to Plaintiff, when it failed to provide Plaintiff with the name

of the original creditor of the debt or the amount it was seeking to collect from Plaintiff, and when it made other false, deceptive or misleading representations.

**COUNT V**
**DEFENDANT VIOLATED § 1692e(10) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

28. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect a debt.

29. Defendant violated § 1692e(10) of the FDCPA when its collectors failed to identify themselves when calling and talking to Plaintiff, when it failed to provide Plaintiff with the name of the original creditor of the debt or the amount it was seeking to collect from Plaintiff, and when it made other false, deceptive or misleading representations.

**COUNT VI**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

30. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

31. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it failed to provide the Plaintiff with the name of the original creditor of the debt or the amount of the debt, when it hung up the phone on Plaintiff and immediately called him back, when its collectors failed to identify themselves when talking with Plaintiff, and when it engaged in other unfair conduct.

# COUNT VII
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, the manner in which to dispute the debt, and that if the debt is disputed, that the debt collector will obtain verification of the debt, and will provide information to Plaintiff on how to dispute the debt.

33. Defendant violated § 1692g(a) of the FDCPA when it failed to provide any written notification or any information in writing to Plaintiff in regards to the alleged debt within five days of its initial contact with the Plaintiff, in violation of the FDCPA.

WHEREFORE, Plaintiff, CHRISTOPHER DUNN, respectfully prays for a judgment as follows:

  a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);
  d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff CHRISTOPHER DUNN, demands a jury trial in this case.

                                  RESPECTFULLY SUBMITTED,

DATED: 12/21/12                  KIMMEL & SILVERMAN, P.C.

                                  By: _____
                                  CRAIG THOR KIMMEL
                                  Attorney ID # 2790038
                                  Attorney for Plaintiff

                                  1001 Avenue of the Americas
                                  12th Floor
                                  New York, NY 10018
                                  Phone: (212) 719-7543
                                  Fax:  (877) 617-2515
                                  Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT